Jason **RODRIGUES** Plaintiff

v.

**GENERAL ELECTRIC CORP.** and **John Doe Manufacturer** Defendants

No. CIV.A. 1:99–CV–780.

United States District Court, E.D. Texas, Beaumont Division.

Oct. 24, 2001.

Bret Scot Thomas, Bush Lewis & Roebuck, Beaumont, for Plaintiff.

Robert D Arredondo, Manning Gosda & Arredondo, Houston, for Defendant.

**AMENDED MEMORANDUM OPINION**

COBB, District Judge.

Before the court is General Electric Corporation's motion for summary judgment [Dkt # 10], and the court having reviewed the motion is of the opinion that the motion be GRANTED. The standard for such a motion is well established.

Summary judgment is appropriate when the moving party is able to demonstrate that the pleadings, depositions, affidavits, and other appropriate evidence available to the court establish that there are no genuine issues of material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); _Celotex Corp. v. Catrett_, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the movant meets this burden, then the non-movant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." _Little v. Liquid Air Corp._, 37 F.3d 1069, 1071 (5th Cir.1994). The

nonmovant's burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions or by only a scintilla of evidence. *Id.* at 1075. While all factual controversies are resolved in favor of the nonmovant, in the absence of any proof, the court does not assume that the nonmoving party could or would prove the necessary facts. *Id.* (citing *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). The nonmoving party may not rely on mere allegations but must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548.

Mr. Jason Rodrigues lost his hand in a workplace accident when it was caught in a fan and severed at the wrist. Rodrigues filed suit against General Electric Corporation (G.E.) and later he unsuccessfully attempted to add John Doe Manufacturer, an unknown party, to the suit. Rodrigues claims that G.E. is strictly liable based on a defect(s) of design and/or manufacture of the fan. Rodrigues further claims that G.E. is liable for negligence and gross negligence with regard to the design, manufacture, marketing, or sale of the fan.

On December 27, 2000, the court held a case management conference in this case and expressed concern over the propriety of continuing a suit against G.E. if the fan was not in fact a G.E. fan. At this meeting, the parties discussed conducting discovery with regard to finding out who designed and manufactured the fan. Eight months later, on August 13, 2001, G.E. filed this motion for summary judgment arguing it did not design, manufacture, market, or sell the fan in question. ■ Through affidavits and deposition testimony, G.E. established it did not design, manufacture, market, or sell the fan involved in the accident. Rodrigues has failed to provide the court with any evidence to the contrary. "A fundamental principle of traditional product liability law is that the plaintiff must prove that the defendant supplied the product which caused the injury." *Gaulding v. Celotex Corp.,* 772 S.W.2d 66, 68 (Tex.1989). Likewise, in order to establish a negligence claim, "a plaintiff must initially prove the existence and breach of a duty owed to him by the defendant." *Otis Engineering Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex. 1984). There is no evidence in the record from which the plaintiff has established these necessary elements of the case. There can be no genuine issues of material fact if the plaintiff is unable to establish a prima facie case "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548. Rodrigues cannot survive a properly supported motion for summary judgment on his allegations alone.

Accordingly, G.E. has established as a matter of law why it should prevail against Mr. Rodrigues. It is, therefore,

ORDERED, that General Electric Corporation's motion for summary judgment is hereby GRANTED and the case against General Electric Corporation is hereby DISMISSED with PREJUDICE.